**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br> CHERYL ANN SUESS, <br>    Debtor . | CASE NO 21-55929-sms <br><br> CHAPTER 7 |
| KENNETH WOLF, <br>    Plaintiff, <br> v. <br> CHERYL ANN SUESS, <br>    Defendant. | ADVERSARY PROCEEDING <br> NO. 22-05067-sms |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

The Defendant above-named, Cheryl Ann Suess, hereby answers the Plaintiff's Complaint and states that every allegation of the Plaintiff's Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

**JURISDICTION AND VENUE**

1. The Defendant admits the allegations contained in Paragraphs 1, 2, 3, and 4 of the Plaintiff's Complaint. By way of further response, to the extent that Paragraphs 1, 2, 3, and 4 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

2. Paragraph 5 of the Plaintiff's Complaint is not directed to the Defendant; accordingly, the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraph 5 of the Plaintiff's Complaint attempts to allege or do allege any

cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

## BACKGROUND AND GENERAL ALLEGATIONS

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 6 of the Plaintiff's Complaint.

4. In response to Paragraph 7 of the Plaintiff's Complaint, Defendant admits that the bankruptcy case was assigned Case No. 21-55929-sms but denies the remaining allegations in the Paragraph 7 of the Plaintiff's Complaint. In further response, Defendant states that the bankruptcy case was commenced on August 9, 2021, and not August 19, 2021.

5. Defendant admits the allegations in Paragraph 8 of the Plaintiff's Complaint.

6. Paragraph 9 and subsections a, b, c, and d of the Plaintiff's Complaint, seek to summarize testimony given by the Defendant during the 341 meeting of creditors but does not contain the actual testimony of the Defendant. As such, the Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and subsections a, b, c, d, and the allegations are therefore denied.

7. The Defendant admits the allegations contained in Paragraphs 10 and 11 of the Plaintiff's Complaint.

8. In response to Paragraph 12 of the Plaintiff's Complaint, Defendant admits only that she lived in Denver, obtained a storage facility while there, and continues to use said facility. Defendant denies the remaining allegations contained in Paragraph 12 of the Plaintiff's Complaint.

9. The Defendant admits the allegations contained in Paragraphs 13, 14 and 15 of the Plaintiff's Complaint.

10. In response to Paragraph 16 of Plaintiff's Complaint, the Defendant admits only that she has inventory which remains in a warehouse owned by Plaintiff. The remaining allegations of Paragraph 16 are denied.

11. The Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint. To further clarify, Debtor executed a promissory note in favor of Plaintiff on approximately December 7, 2017, in the amount of $455,000 U.S.D.

12. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's complaint. To further clarify, Defendant executed an unsecured promissory note, and no mortgage was ever recorded.

13. The Defendant lacks sufficient information to fully respond to the allegations contained in Paragraph 19 of Plaintiffs' Complaint. By way of further response, to the extent that Paragraph 19 of the Plaintiff's Complaint attempts to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

14. The Defendant lacks sufficient information to fully respond to the allegations contained in Paragraph 20 of the Plaintiffs' Complaint. By way of further response, to the extent that Paragraph 20 of the Plaintiff's Complaint attempts to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

15. Paragraph 21 and all subsections of the Plaintiff's Complaint, seek to summarize testimony given by the Defendant during the Rule 2004 Exam conducted on March 14,

2022, but does not contain the actual testimony of the Defendant. As such, the Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 including all subsections, and the allegations are therefore denied.

## FIRST CLAIM FOR RELIEF

(Objection to Discharge – 11 U.S.C. § 727 (a)(4)(A))

16. In response to Paragraph 22 of the Plaintiff's Complaint, the Defendant reiterates each and every prior Paragraph of this Answer as fully and completely as if set forth herein verbatim.

17. In response to Paragraph 23 of the Plaintiff's Complaint, Defendant states that the reference statute speaks for itself and denies the allegations of said Paragraph to the extent they are inconsistent with that statute.

18. The Debtor admits the allegations contained in Paragraph 24 the Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Plaintiff's Complaint.

20. Paragraphs 26, 27, and 28 of the Plaintiff's Complaint, seek to summarize testimony given by the Defendant during the 341 meeting of creditors and the 2004 exam but does not contain the actual testimony of the Defendant. As such, the Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraphs 26, 27, and 28 of the Plaintiff's Complaint, and the allegations are therefore denied.

21. In response to Paragraph 29 of Plaintiff's Complaint, Defendant admits only that the Petition lists her address at 145 15th St NE, Apt. 207, Atlanta, GA 30309. Defendant denies the other allegations in Paragraph 29 of the Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 30 of the Plaintiff's Complaint.

23. Paragraphs 31, 32, 33, and 34 of the Plaintiff's Complaint, seek to summarize testimony given by the Defendant but does not contain the actual testimony of the Defendant or a description of the hearing . As such, the Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraphs 31, 32, 33, and 34 of the Plaintiff's Complaint, and the allegations are therefore denied.

24. Defendant denies the allegations in Paragraphs 35, 36, and 37 of the Plaintiff's Complaint.

25. The "Wherefore," Paragraph of Plaintiff's Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

## SECOND CLAIM FOR RELIEF

(Objection to Discharge -11 U.S.C. § 727 (a)(4)(D))

26. In response to Paragraph 38 of the Plaintiff's Complaint, the Defendant reiterates each and every prior Paragraph of this Answer as fully and completely as if set forth herein verbatim.

27. In response to Paragraph 39 of the Complaint, Defendant states that the reference statute speaks for itself and denies the allegations of said Paragraph to the extent they are inconsistent with that statute.

28. In response to Paragraph 40 of the Plaintiff's Complaint, Defendant admits only to providing the Trustee with a copy of a promissory note dated January 1, 2015, where Plaintiff promised to pay Defendant 100,000.00, but denies all other allegations contained in this Paragraph. In further response, Defendant states that such note was requested by the Chapter 7 Trustee following the 2004 exam.

29. In response to Paragraph 41 of the Plaintiff's Complaint, Defendant admits that she did not schedule any note payable from Plaintiff.

30. Defendant denies the allegations in Paragraph 42 of the Plaintiff's Complaint.

31. The "Wherefore," Paragraph of Plaintiff's Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

### THIRD CLAIM FOR RELIEF
(Objection to Discharge -11 U.S.C. § 727 (a)(4)(D))

32. In response to Paragraph 43 of the Plaintiff's Complaint, the Defendant reiterates each and every prior Paragraph of this Answer as fully and completely as if set forth herein verbatim.

33. In response to Paragraph 44 of the Complaint, Defendant states that the reference statute speaks for itself and denies the allegations of said Paragraph to the extent they are inconsistent with that statute.

34. Defendant denies the allegations in Paragraphs 45 and 46 of the Plaintiff's Complaint.

35. The "Wherefore," Paragraph of Plaintiff's Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

### FOURTH CLAIM FOR RELIEF
(Objection to Discharge -11 U.S.C. § 727 (a)(2)(3))

36. In response to Paragraph 47 of the Plaintiff's Complaint, the Defendant reiterates each and every prior Paragraph of this Answer as fully and completely as if set forth herein verbatim.

37. In response to Paragraph 48 of the Complaint, Defendant states that the reference statute speaks for itself and denies the allegations of said Paragraph to the extent they are inconsistent with that statute.

38. In response to Paragraph 49, the Defendant admits to owning two separate LLCs, in two separate states, one titled Elwood Studio, LLC and one titled CDMX Design, LLC. Defendant further admits that her sole source of income is business income. Defendant denies any other allegations in Paragraph 49.

39. Defendant denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

40. In response to Paragraph 51 of the Plaintiff's Complaint, the Defendant admits that she Listed her 2019 and 2020 income as unknown on the Statement of Financial Affairs. The Defendant denies any other allegations contained in this Paragraph 51 of the Plaintiff's Complaint.

41. Debtor admits the allegations contained in Paragraph 52 of Plaintiff's Complaint.

42. Defendant denies the allegations in Paragraphs 53 and 54 of the Plaintiff's Complaint.

43. In response to Paragraph 55 of the Plaintiff's Complaint. This paragraph sets forth legal conclusions to which no response is required. To the extent further response is required, Respondent is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated in this paragraph, and the allegations are therefore denied.

27. The "Wherefore," Paragraph of Plaintiff's Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

## FIFTH CLAIM FOR RELIEF

(Objection to Discharge -11 U.S.C. § 727 (a)(2)(B))

44. In response to Paragraph 56 of the Plaintiff's Complaint, the Defendant reiterates each and every prior Paragraph of this Answer as fully and completely as if set forth herein

verbatim.

45. In response to Paragraph 57 of the Complaint, Defendant states that the reference statute speaks for itself and denies the allegations of said Paragraph to the extent they are inconsistent with that statute.

46. In response to Paragraph 58 of the Plaintiff's Complaint, the Defendant admits only that she requested her accountant file Articles of Dissolution, dissolving her business Elwood and that she later formed a new entity here in Georgia known as CDMX Design, LLC. The remaining allegations contained in Paragraph 58 of the Plaintiff's Complaint are denied.

47. Paragraph 59 of the Plaintiff's Complaint sets forth legal conclusions and questions of law to which no response is required.

48. The Defendant denies allegations contained in Paragraph 60 of the Complaint. In further response, Defendant disclosed the existence of the Denver storage unit during the 341 meeting of creditors held on October 19, 2021. Since the time of the hearing, Defendant has supplied Trustee Kate Steil with a list of contents located in the Denver storage unit as well as photographs of some of the items.

49. The Defendant denies the allegations contained in Paragraph 60 of the Plaintiff's Complaint. In further response, absent the specific mention of "Rolex watches," the Plaintiff alleges no facts as to what property may have been transferred or concealed, the dates of any such transfer or concealment, and no basis for the "information and belief" that the Debtor had an intent to hinder, delay or defraud creditors. The Plaintiff's allegations are conclusory in nature. To add, the contents of the Denver storage unit have been undisturbed since the filing of this bankruptcy case. Of the two watches, both gifted to the Defendant, one of which was gifted by the Plaintiff, the assertion that the watch is a

genuine Rolex is merely conjecture. The "Rolex" watch that Plaintiff gifted to my client was unaccompanied by any packaging or paperwork. Rolex watches are assigned a serial number and case reference number typically listed on the papers that originally came with the watch as well as being noted on the timepiece itself. Plaintiff has failed to provide any evidence that the watch he gifted to my client was a genuine Rolex. Additionally, Plaintiff has failed to establish the second Rolex watch was fraudulently transferred within a year prior to the petition date as he has not identified how the transfer meets the elements of fraud.

50. The Defendant also denies the allegations contained in the "Wherefore" Paragraph of the Plaintiff's Complaint, which is the remainder of the Plaintiff's Complaint, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

51. Plaintiff's claims are not justiciable.

### SECOND DEFENSE

52. Plaintiff fails to state a claim.

### THIRD DEFENSE

53. Plaintiff has unclean hands.

### RESERVATION OF RIGHT TO AMEND ANSWER AND ADD AFFIRMATIVE DEFENSES

54. Defendant reserves the right to amend this answer and to add further affirmative defenses, including those which may become apparent through discovery and development of this case.

WHEREFORE, Defendant prays that:

a. Plaintiff's requested relief be denied.

b. Plaintiff take nothing.

c. Defendant be awarded their costs, including reasonable attorney's fee, together with such other relief as the Court may deem appropriate.

Date: May 5, 2022

Respectfully submitted,

/s/ Nicole Carson
Nicole Carson
GABN 722305
The Carson Law Group, LLC
225 Arthur Drive
McDonough, GA  30252
Tel: (866) 239-5334
nicole@bk-attorneys.com

# CERTIFICATE OF SERVICE

I, Nicole Carson, certify that I am over the age of 18 and that on May 5, 2022, I caused copy of the *ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES*, to be served by first class U.S. Mail, with adequate postage prepaid on the persons or entities listed below.

Cheryl Ann Suess
145 15th St NE
Apt. 207
Atlanta, GA 30309

Leslie M. Pineyro
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Date: May 5, 2022

                                    Respectfully submitted,

                                    /s/ Nicole Carson
                                    Nicole Carson
                                    GABN 722305
                                    The Carson Law Group, LLC
                                    225 Arthur Drive
                                    McDonough, GA  30252
                                    Tel: (866) 239-5334
                                    nicole@bk-attorneys.com